IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LANCE FINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| CITY OF COLBY, KANSAS, RON ) | |
| ALEXANDER, and TOM ) | |
| NICKOLS, JR., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT

Plaintiff Lance Finley, through counsel Donald Peterson and Sean McGivern of Graybill & Hazlewood, LLC, states and alleges as follows for his cause of action against Defendants City of Colby, Kansas, Ron Alexander, and Tom Nickols, Jr., as follows:

1. Plaintiff Lance Finley is a resident of the state of Kansas.

2. Defendant City of Colby, Kansas, is a municipal entity subject to suit.

3. Defendant Ron Alexander is a resident of the state of Kansas. Alexander is, and at all times relevant to the allegations in this lawsuit has been, the Chief of Police of Colby, Kansas.

4. Defendant Tom Nickols, Jr. is a resident of the state of Kansas. He was the Undersheriff of Thomas County, Kansas at the time of the matters complained of herein.

5. Subject matter jurisdiction is established as Plaintiff seeks redress under federal law, and supplemental jurisdiction is appropriate over state law claims as they arise from the same events giving rise to Plaintiff's federal claims.

6. Venue is proper in this Court because the acts and omissions complained of occurred in this Judicial District.

7. Plaintiff was employed as an officer with the Colby Police Department from August 2013 until February 18, 2016.

8. Jim Cousins is an employee of the Thomas County Sheriff's Department.

9. In September, 2015, Plaintiff's brother Marc Finley submitted a seven page letter to the KBI, the Attorney General, KS CPOST, and to the Board of County Commissioners of Thomas County, Kansas, reporting numerous misdeeds by Sheriff Rod Taylor, including drinking on the job, theft, sexual harassment, destruction of evidence, and abuse of power.

10. On January 15, 2016, while off duty, Plaintiff observed a vehicle driven by Jim Cousins of Thomas County Sheriff's Department had driven erratically by crossing the center line on the road.

11. Plaintiff reported the erratic driving to dispatch and to Defendant Alexander.

12. Plaintiff worked on drug buys the night of February 16, 2016 and the early morning of February 17, 2016.

13. At approximately 7:00 AM on February 17, 2016, Defendant Alexander told Plaintiff he and others had reviewed dashcam footage from Mr. Cousins' sheriff vehicle and determined that Mr. Cousins did not cross the center line on January 15, 2016.

14. Defendant Alexander told Plaintiff he could be charged with filing a false police report and that he was going to be fired if he did not resign. Defendant Alexander explained to Plaintiff that the decision to terminate his employment was political.

15. Defendant Nickols demanded that Defendants Alexander and City of Colby terminate Plaintiff's employment.

16. Defendant Nickols did this because of Plaintiff's brother is Marc Finley, who a few months earlier had raised concerns about unethical and illegal practices by Thomas County Sheriff Rod Taylor.

17. Plaintiff, who had not slept the night before because he was out working on drug buys, responded that he would resign his employment.

18. On February 18, 2016, Plaintiff met with Defendant Alexander and attempted to withdraw his resignation. Because Plaintiff had been coerced to resign his employment already, Defendant Alexander disclosed to Plaintiff that the charges that had been threatened against him would not be going forward. Defendant Alexander told Plaintiff to blame his separation on the "idiot Chief Ron Alexander" and politics.

19. Defendants Alexander and City of Colby terminated Plaintiff's employment because he made good faith reports about violations of the law, because of his familial relationship with Marc Finley, and because Marc Finley exposed unethical and illegal conduct by Thomas County Sheriff Rod Taylor.

20. Defendants Alexander and City of Colby's conduct violates the First and Fourteenth Amendments to the United States Constitution and Kansas public policy.

21. Defendant Nickols' conduct violates the First and Fourteenth Amendments to the United States Constitution, Kansas public policy, and Kansas common law, including tortious interference.

22. Plaintiff has been damaged by Defendants' illegal conduct.

23. All administrative prerequisites and conditions precedent have been met for Plaintiff to file this action.

WHEREFORE, Plaintiff Lance Finley prays that judgment be entered in his favor, and against Defendants City of Colby, Kansas, Ron Alexander, and Tom Nickols, Jr., for damages in excess of $75,000.00, representing economic losses, noneconomic losses, compensatory damages, general damages, punitive damages, plus attorneys fees and costs, and all other relief that the Court deems just and equitable.

**Plaintiff Lance Finley demands trial by jury.**

**Plaintiff Lance Finley designates Wichita, Kansas, as the place of trial.**

Dated: August 22, 2017.

GRAYBILL & HAZLEWOOD, LLC

/s/ Sean McGivern
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932
218 N. Mosley St.
Wichita, KS 67202
Telephone: (316) 266-4058
Fax: (316) 462-5566
don@graybillhazlewood.com
sean@graybillhazlewood.com
*ATTORNEYS FOR PLAINTIFF*