IN THE UNITED STATES DISTRICT COURT
DISTRICT FOR KANSAS

| | | |
|---|---|---|
| LANCE FINLEY, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case 6:17-CV-01215-EFM-GLR |
| | ) | |
| CITY OF COLBY, KANSAS, | ) | |
| RON ALEXANDER and | ) | |
| TOM NICKOLS, JR., | ) | |
|         Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Comes now Defendants Ron Alexander and City of Colby by and through their attorneys of record, and submits the following Memorandum in Support of their Motion to Dismiss.

### INTRODUCTION

The only facts pled concerning defendant Alexander are:

1. Plaintiff reported to defendant Alexander that a vehicle driven by Thomas County Sheriff's deputy Jim Cousins had been driven erratically, crossing the center line of the road. (ECF 1, ¶¶ 10 & 11.)

2. The defendant Alexander viewed a car cam video of deputy Cousins driving and advised plaintiff that the video did not show Mr. Cousins crossing the center line. (ECF 1, ¶ 13.)

3. That Alexander correctly advised plaintiff that he could be charged with filing a false police report. (ECF 1, ¶ 14.)

4. That plaintiff stated Alexander advised plaintiff if he did not resign he would be terminated. (ECF 1, ¶ 14.)

      5.      Defendant Alexander explained that the decision to terminate his employment was political.  (ECF 1, ¶ 14.)

      6.      That the day following plaintiff's resignation, defendant Alexander would not permit him to withdraw the resignation.  (ECF 1, ¶ 18.)

The additional relevant facts are:

      1.      Defendant Nickols acted as Undersheriff of Thomas County.  (ECF 1, ¶ 4.)

      2.      Allegedly, Defendant Nickols demanded that Defendants Alexander and City of Colby terminate Plaintiff's employment.  (ECF 1, ¶ 15.)

From these facts, plaintiff makes the conclusory allegation that Chief Alexander's decision to request his resignation and refusal to allow Plaintiff to withdraw the resignation once given was motivated by his "good faith" reporting of violations of the law and because of politics.

Notably absent from the pleadings is any allegation the defendant Alexander was aware of Mark Finley's report of allegations of misconduct by Thomas County Sheriff Taylor.  But perhaps more importantly, also absent from the pleading is any allegation that chief Alexander was in any way a supporter of Sheriff Taylor or in any way opposed or even disagreed with allegations of misconduct on the part of Sheriff Taylor.  Moreover, the conclusory statement that Undersheriff Nickols demanded termination of the Plaintiff lacks any context of why Defendant Alexander or the City of Colby would listen to the county defendant.

The pleading shows two lines of conduct, one involving Mark Finley in the Sheriff's Department and one involving this plaintiff in the city Police Department.  But the attempt to connect the two is sheer speculation based upon the coincidental fact the person crossways with his boss in the county Sheriff Department is a relative of the person crossways with his boss at the city

Police Department.

Plaintiff's complaint against the city of Colby could be analyzed in two ways: (1) he is alleging a First Amendment violation by Alexander for termination based upon his report of Mr. Cousins' alleged erratic driving; or (2) he is alleging essentially a conspiracy between the Thomas County Sheriff's Department and the Colby Police Department through its chief of police to terminate the plaintiff because of his brother's report of alleged illegal activity by the sheriff.

## ARGUMENTS AND AUTHORITIES

On a motion to dismiss, the court accepts all well-pleaded factual allegations in a complaint but this duty is tempered by the principle that "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting in part *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain enough allegations of fact that taken as true state a claim for relief that is "plausible on its face." *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific allegations plausibly suggest the defendant is liable. *Kansas Penn Gaming*, 656 F.3d at 1214. Plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct then the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Every claim arising under 42 U.S.C. § 1983 requires (1) a violation of a federal constitutional

or statutory right and (2) a person or persons acting under color of state law. 42 U.S.C. § 1983; *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013). A First Amendment retaliation claim consists of five steps:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interest in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's interest of free speech; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Trant v. Oklahoma*, 754 F.3d 1158, 1165 (10th Cir. 2014).

Temporal proximity alone is insufficient to establish protected speech as the motivating factor in an adverse employment decision. *Couch v. Bd. of Trs. Of the Mem. Hosp.*, 587 F.3d 1223, 1240 (10th Cir. 2009).

### A. CONSPIRACY

Plaintiff's conspiracy claims must fail because he has not adequately plead a conspiracy claim or properly alleged a violation of any constitutional rights. An essential element of a conspiracy claim is the pleading of facts sufficient to show an agreement and a concerted action. *Beedle v. Wilson,* 422 F.3d 1059, 1073 (10th Cir. 2005). In addition, a claim under 1985 requires a racial or other class-based invidiously discriminatory motive. *Fattaey v. Kan. State Univ.*, 2017 U.S. Dist. LEXIS 9815 (D. Kan. 2017) (citing *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268 (1993)). Plaintiff alleges nothing to make such a motive plausible.

Here the plaintiff's allegations fail to demonstrate a plausible conspiracy claim because the complaint fails to show an agreement and concerted action. *Beedle,* 422 F.3d at 1073. Nothing plead in the complaint shows defendant Alexander agreed to comply with the request or that

defendant Nickols influenced his decision whatsoever. Further, nothing alleges a class based discriminatory motive. *Bray*, 506 U.S. at 268. Thus, the complaint fails to allege a sufficient conspiracy claim.

### B. FIRST AMENDMENT RETALIATION

The plaintiff failed to plead sufficient facts to support a claim of First Amendment retaliation. Plaintiff's Complaint fails to establish that his resignation or termination had anything to do with "protected speech." Plaintiff's reporting of Deputy Cousins's alleged erratic driving is not protected speech. It was an internal report to the Plaintiff's employer, the City of Colby Police Department, not regarding a matter of public concern. *Helget v. City of Hays*, 844 F.3d 1216, 1221 (10th Cir. 2017).

Indeed, the only alleged fact plead that remotely appear to be protect speech is Plaintiff's brother's letter regarding the Thomas County Sheriff made about five-months prior to any events concerning Defendants Alexander and City of Colby. Temporal proximity alone is insufficient to establish protected speech as the motivating factor in an adverse employment decision. *Couch*, 587 F.3d at 1240.

Here, the temporal proximity is not all that close but nonetheless, is insufficient by itself to establish First Amendment retaliation. *Id.* Moreover, the relationship between the letter and Defendants Alexander and City of Colby, neither of which were implicated in any way by the letter alleging violations of the county sheriff, is distant at best.

Even accepting that there is some relationship between his brother's letter and Plaintiff's resignation, Defendants Alexander and the City of Colby's actions were reasonable. Plaintiff's reported complaint of Jim Cousins was unfounded. Defendant Alexander claimed the footage from

Cousins' dash cam video simply does not support any report of erratic driving. Making a false police report is troubling for a citizen but particularly bothersome for the Plaintiff because it calls into question his professional judgment as a police officer. Terminating plaintiff's employment would have been entirely reasonable under the circumstances.

Thus, this Court should dismiss plaintiff's complaint because Plaintiff's report is not a matter of public concern and temporal proximity of his brother's letter and plaintiff's resignation is not enough to cross the threshold from speculative to plausible. *Khalik*, 671 F.3d at 1191. Even if the speech at issue is protected, plaintiff's complaint fails because the letter was not the motivating factor and plaintiff's any alleged adverse employment action was reasonable following the unfounded report. *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968).

### C. FOURTEENTH AMENDMENT CLAIM

The Fourteenth Amendment protects individuals from deprivations of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. In examining a plaintiff's claim that he or she has suffered such a deprivation, a court first determines whether the individual had a protected interest under the Due Process Clause. *See, e.g.*, *Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir.1996). If so, the court then examines whether in being deprived of that interest, the plaintiff received an appropriate level of procedural due process. *Id.*

To assert a constitutional Due Process claim under 42 U.S.C. § 1983 for deprivation of property, an employee must show that he was deprived of a protected property interest that is protected by the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). The Supreme Court has explained that "[p]roperty interests, of course, are not created by the

Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577. "[P]ublic employees have a property interest in continued employment if contractual or statutory provisions guarantee continued employment absent 'sufficient cause' for discharge." *Lucas v. Murray City Civ. Serv. Comm'n*, 949 P.2d 746, 752 (Utah Ct. App.1997) (citing Roth, 408 U.S. at 576–78). In order to create such a property interest, a state statute or regulation must give the recipient "a legitimate claim of entitlement to [the benefit]," *Roth*, 408 U.S. at 577.

The property interest claimed here is continued employment. A property interest is more than a unilateral expectation, it must be based upon a legitimate claim of entitlement founded upon state law. *Id.* An employment contract providing for tenure, or an implied contract based on rules or mutually explicit understandings, may support a claim of entitlement to a benefit. *Perry v. Sindermann*, 408 U.S. 593, 602 (1972). Under Kansas law, employment is "at-will" unless there is an express, negotiated duration of employment. *Owens v. City of Derby*, Kan., 586 F. Supp. 37, 40 (D. Kan. 1984) (citing *May v. Sante Fe Trail Transportation Co.*, 189 Kan. 419, 370 P.2d 390 (1962)). Under the traditional concept of at-will employment, the employer is vested with the right to discharge an employee at any time and for any reason and thus the at-will employee does not have a constitutionally protected property interest in his employment. *Id. See also Farthing v. City of Shawnee*, Kan., 39 F.3d 1131, 1136 (10th Cir. 1994). A plaintiff cannot allege a violation of either procedural or substantive due process if he does not first show that he had a protected property right. *Potts v. Davis County*, 551 F.3d 1188, 1192 (10th Cir.2009).

Also under the Fourteenth Amendment, "[a] public employee has a liberty interest in his good name and reputation as they relate to his continued employment." *McDonald v. Wise*, 769

F.3d 1202, 1212 (10th Cir. 2014). "The government infringes upon that interest when: (1) it makes a statement that impugns the good name, reputation, honor, or integrity of the employee; (2) the statement is false; (3) the statement is made during the course of termination and forecloses other employment opportunities; and (4) the statement is published, in other words disclosed publicly." *Id.* (brackets, footnote, and internal quotation marks omitted). "These elements are not disjunctive, all must be satisfied to demonstrate deprivation of the liberty interest." *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994). Further, reputation damage alone is insufficient unless the stigmatizing factor explicitly or implicitly ratifies some other stigmatizing allegation. *McGhee v. Draper*, 639 F.2d 639, 643 (10th Cir.1981).

Here, the complaint pleads no source even inferring a constitutionally protected property interest in his job as a police officer. There is no guarantee of continued employment for Plaintiff's job. Further, defendants City of Colby and Alexander made no public statement impugning plaintiff's good name and reputation. *McDonald*, 769 F.3d at 1212. Moreover as previously stated in the First Amendment retaliation claim, plaintiff's alleged termination would have been justified.

Thus, plaintiff failed to plead sufficient facts to show any violation of due process under the Fourteenth Amendment.

### D.  QUALIFIED IMMUNITY

Chief Alexander enjoys qualified immunity. There is a presumption in favor of qualified immunity for public officials acting in their individual capacities, unless the Plaintiff proves otherwise. *See Hidahl v. Gilpin County Dep't of Soc. Servs.*, 938 F.2d 1150, 1155 (10th Cir. 1991). Specifically, law enforcement officers are entitled to a presumption of immunity from lawsuits seeking damages for conduct undertaken in the course of performing their jobs. *Kerns v. Bader,* 663

F.3d 1173, 1180 (10th Cir. 2011). "Qualified immunity protects public officials performing discretionary functions unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Anderson v. Willis*, 917 F. Supp 2d 1190, 1195, 2013 U.S. Dist. LEXIS 1712 (D. Kan. 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). The key to this inquiry is the objective reasonableness of the official's conduct in light of the legal rules that were clearly established at the time the action was taken. *Laidley v. McClain*, 914 F.2d 1386, 1394 (10th Cir. 1990).

Once a qualified immunity defense is asserted, the burden shifts to the Plaintiff to meet a two part test. *Saucier v. Katz,* 533 U.S. 194, 201(2001); *Green v. Post,* 574 F.3d 1294, 1300 (10th Cir 2009). A Plaintiff must show that his constitutional right was infringed, and that such right was clearly established at the time of the alleged infringement. Although a Plaintiff must establish both elements, the court may consider the elements in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

First, Plaintiff must establish that a Defendant violated a constitutional right. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). If Plaintiffs fail to satisfy this initial requirement, the court's inquiry ends. *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007).

Second, if Plaintiff establishes that a constitutional right was violated, then the Plaintiff must also show that the violated right was clearly established. *Cortez,* 478 F.3d at 1114. Whether the right was clearly established is examined under the "specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. For a right to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other circuits must have found the law to be as the Plaintiff maintains." *Cortez*, 478 F.3d at

1114―15 (citing *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)).  This does not require a Plaintiff to cite a case holding that the specific conduct at issue is unlawful, but rather Plaintiff must show that the unlawfulness of the action was apparent.  *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005).  When it is debatable whether a violation has occurred, the law by definition cannot be clearly established, and qualified immunity applies.  *See Reichle v. Howards*, 132 S. Ct. 2088, 2096 (2012) (quoting *Wilson v. Layne*, 526 U.S. 603, 618 (1999)).

Here, the facts plead in the Complaint fail to demonstrate a violation of the First Amendment, Fourteenth Amendment or any other constitutional right.  Plaintiff's contention of erratic driving is not supported but more importantly, the report is not protected speech.

Even if plaintiff hurdles the first prong though, this action must still follow the familiar framework of the *Pickering* balancing test.  Not only is it unclear whether Defendant Alexander even knew about the letter from Plaintiff's brother regarding Sheriff Taylor, but the motivating factor for any adverse employment action was Plaintiff's police report.  Nothing plead in the complaint rebuts the true motivating factor being the false police report defendant Alexander not only knew about but actually investigated versus the vague conclusory allegation that Plaintiff was forced to resign because of "politics."

While any constitutional violation may be unclear, it is clear that defendant Alexander has discretion in employment matters within the city Police Department.  In executing this discretion, defendant Alexander allegedly gave plaintiff the option to resign or be terminated because of the report against Cousins.  Because employment decisions within the Police Department are discretionary, Alexander is entitled to qualified immunity.  *Kerns,* 663 F.3d at 1180.

## CONCLUSION

The complaint fails to connect the dots for a conspiracy between the County Sheriff's Department and City Police Department outside of a mere conclusory allegation. The temporal proximity to Plaintiff's brother's letter and plaintiff's termination is tenuous at best and insufficient by itself. *Couch*, 587 F.3d at 1240. Plaintiff's internal report of Mr. Cousins' driving was patently false but also not protected speech. For the forgoing reasons, the complaint fails to allege sufficient facts to nudge his claim across the line from conceivable to plausible and this court should grant the motion to dismiss for defendants Alexander and the City of Colby.

WATKINS CALCARA, CHTD.


/s/ ALLEN G. GLENDENNING
Allen G. Glendenning, #12187
Travis J. Ternes, #27184
1321 Main - Suite 300
P.O. Drawer 1110
Great Bend, Kansas 67530
(620) 792-8231
Attorneys for Defendants Ron Alexander and
City of Colby, KS

## CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of October 2017, a copy of the above and foregoing Memorandum in Support of Motion to Dismiss was filed electronically with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sean M. McGiven, #22932
Donald N. Peterson, II, #13805
Graybill & Hazlewood, LLC
218 N. Mosley St.
Wichita, KS 67202
Attorneys for Plaintiff

Jared Hiatt
CLARK, MIZE & LINVILLE, Chtd.
129 S. 8th St.
P.O. Box 380
Salina, KS 67402
Attorney for Defendant Tom Nickols Jr.

                                                           /s/ ALLEN G. GLENDENNING
                                                              Allen G. Glendenning, #12187