**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LANCE FINLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF COLBY, KANSAS, )<br>RON ALEXANDER, and )<br>TOM NICKOLS, JR., )<br>)<br>Defendants. )<br>_____) | Case No.: 6:17-cv-1215-EFM-GLR |

**PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Lance Finley provides this response to the motions to dismiss filed by Defendant Tom Nickols, Jr. (Doc. 11), and City of Colby and Ron Alexander (Doc. 14). Plaintiff refers the Court to the facts pleaded in the First Amended Complaint, which is filed contemporaneously with this brief.

**1. Finley states a claim of First Amendment Retaliation against all Defendants, and there is no basis for the individual Defendants' assertion of qualified immunity.**

Finley states a claim against Defendants Colby, Alexander, and Nickols for First Amendment retaliation based upon the termination of Plaintiff's employment. The Court should not dismiss the individual Defendants Alexander and Nickols on the basis of qualified immunity. By 2016, of course, it was clearly established that an attempt to report a criminal offense is protected by the First Amendment. *Meyer v. Bd. of Cty. Comm'rs of Harper Cty., Okla.*, 482 F.3d 1232, 1243 (10th Cir. 2007). It was also clearly established that government employees are protected by the First Amendment for bypassing the chain of command and reporting improprieties

1

to higher authorities. *Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1333 (10th Cir. 2007).

The First Amended Complaint demonstrates that the Finleys engaged in activity protected by the First Amendment. Plaintiff's brother Marc Finley engaged in protected activities by petitioning the Board of County Commissioners and various law enforcement officials about official improprieties and criminal activity by Thomas County Sheriff Rod Taylor in September, 2015. *1AP*, ¶ 9. Marc Finley had no duty to bring Rod Taylor's misconduct to the attention of these individuals but he did. Plaintiff Lance Finley was off duty when he reported Jim Cousins' erratic driving on January 15, 2016 to dispatch, Defendant Alexander, and to the County Attorney. *1AP*, ¶¶ 11-12. Again, he had no duty to report Mr. Cousin's erratic driving to dispatch, let alone to higher authorities like Ron Alexander and the County Attorney.

Defendant Alexander told Plaintiff his termination was due to "politics," and that the termination was done to assuage Defendant Nickols to prevent criminal charges against Plaintiff. *1AP*, ¶ 22. After securing the termination, Defendant Nickols informed Defendant Alexander that he would not be filing criminal charges.[1] *1AP*, ¶ 20. Defendant Alexander has admitted that he did not know whether the video disclosed Jim Cousins crossing the center line. *1AP*, ¶ 23. Plaintiff respectfully submits that, on these facts, he should be able to conduct discovery and prove the allegations in his First Amended Complaint that his termination was the result of protected activities of Plaintiff and his brother.[2]

---

[1] "An employee can prove a constructive discharge by showing that she was faced with a choice between resigning or being fired." *Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 978 (10th Cir. 1996).

[2] *McDonald v. City of Wichita*, N McDonald v. City of Wichita, Kansas, 156 F. Supp. 3d 1279, 1304 (D. Kan. 2016) (collecting cases for the proposition that it is unlawful to terminate an individual due to family member's protected speech).

**2. Finley states a claim of common law retaliatory discharge against Defendant City of Colby.**

The First Amended Complaint likewise demonstrates Plaintiff's claim that City of Colby terminated his employment in retaliation for his and his brother's reports of unlawful activity and official improprieties, outside the normal chain of command and not as part of any job duty, as referenced above. The law supports such a claim. "Under Kansas law, the termination of an employee in retaliation for the good-faith reporting of a serious infraction of rules, regulations, or the law pertaining to public health and safety and the general welfare by a coworker or an employer to either company management or law enforcement officials is an actionable tort." *Shaw v. Sw. Kansas Groundwater Mgmt. Dist. Three*, 42 Kan. App. 2d 994, 994 (2009). Like § 1983, the Kansas common law protects family members from retaliation. *Madrigal v. IBP, Inc.*, 811 F. Supp. 612 (D. Kan. 1993). Plaintiff respectfully submits that he has provided sufficient allegations to pursue his common law retaliatory discharge claim in this litigation.

**3. Finley states a claim of tortious interference against Defendant Nickols.**

Defendant Nickols can be held liable for tortious interference with Plaintiff's employment based upon the allegations in the First Amended Complaint.

Kansas recognizes a cause of action for tortious interference with a current or prospective business advantage or relationship. *Burcham v. Unison Bancorp, Inc.,* 276 Kan. 393, 424, 77 P.3d 130, 151 (2003). The requirements for this tort are:

> the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the

>expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate cause of defendant's misconduct.

*Burcham*, 276 Kan. at 424 (emphasis added). The 1AP alleges each of these elements adequately—Plaintiff had a job at City of Colby, Defendant knew about it, and it was reasonably certain to continue. The facts demonstrate Nickols threatened a criminal prosecution if Plaintiff did not resign his position. The motive is demonstrated by Nickols' comments – it was "political" and also based upon Plaintiff's good faith report of a traffic violation by Jim Cousins despite Defendant Alexander insisting that Cousins was above the law.

Defendant Nickols asserts that he was free to threaten criminal prosecution to seek the elimination of Plaintiff's employment because of discretionary function immunity (found within the Kansas Tort Claims Act). That is wrong for two reasons. First, "While an employer may discharge his employee not hired for a specified term for any reason or for no reason, third parties have no such privilege and they are liable in damages for such meddlesome interference if the discharge of an employee is procured thereby." *Hilton v. Sheridan Coal Co.*, 132 Kan. 525, 297 P. 413, 416 (1931). Defendant Nickols is a third party and had no privilege to interfere in Plaintiff's employment. Second, this Court has held that discretionary function immunity does not immunize government employers from liability for common law retaliatory discharge. *Conrad v. Bd. of Johnson Cty. Comm'rs*, 237 F. Supp. 2d 1204, 1261 (D. Kan. 2002). The Court should reject Defendant Alexander's motion to dismiss the tortious interference claim.

In light of the foregoing, Plaintiff Lance Finley prays that Defendants' motions to dismiss be denied.

Dated: November 13, 2017

                                          GRAYBILL & HAZLEWOOD, LLC

                                          /s/ Sean McGivern
                                          Donald N. Peterson, II, #13805
                                          Sean M. McGivern, #22932
                                          218 N. Mosley St.
                                          Wichita, KS 67202
                                          Telephone: (316) 266-4058
                                          Fax: (316) 462-5566
                                          don@graybillhazlewood.com
                                          sean@graybillhazlewood.com
                                          ***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2017, a copy of the above and foregoing was filed electronically with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allen G. Glendenning, #12187
Travis J. Ternes, #27203
Watkins Calcara, Chtd.
1321 Main - Suite 300
P.O. Drawer 1110
Great Bend, Kansas 67530
Phone (620) 792-8231
***Attorneys for Defendants Ron Alexander and City of Colby, KS***

Jared Hiatt
Clark, Mize, & Linville, Chtd.
129 S. 8th St.
PO Box 380
Salina, KS 67402
***Attorney for Defendant Tom Nickols Jr.***

/s/ Sean McGivern
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932