## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LANCE FINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 6:17-cv-1215-EFM-GLR |
| | ) |
| CITY OF COLBY, KANSAS, | ) |
| RON ALEXANDER, and | ) |
| TOM NICKOLS, JR., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## SECOND AMENDED COMPLAINT

Plaintiff Lance Finley, through counsel Donald Peterson and Sean McGivern of Graybill & Hazlewood, LLC, states and alleges as follows for his cause of action against Defendants City of Colby, Kansas, Ron Alexander, and Tom Nickols, Jr., as follows:

1. Plaintiff Lance Finley is a resident of the state of Kansas.

2. Defendant City of Colby, Kansas, is a municipal entity subject to suit.

3. Defendant Ron Alexander is a resident of the state of Kansas. Alexander is, and at all times relevant to the allegations in this lawsuit has been, the Chief of Police of Colby, Kansas.

4. Defendant Tom Nickols, Jr. is a resident of the state of Kansas. He was the Undersheriff of Thomas County, Kansas at the time of the matters complained of herein.

5. Subject matter jurisdiction is established as Plaintiff seeks redress under federal law, and supplemental jurisdiction is appropriate over state law claims as they arise from the same events giving rise to Plaintiff's federal claims.

6. Venue is proper in this Court because the acts and omissions complained of occurred in this Judicial District.

1

7. Plaintiff was employed as an officer with the Colby Police Department from August 2013 until February 18, 2016.

8. Jim Cousins is an employee of the Thomas County Sheriff's Department.

9. In September, 2015, Plaintiff's brother Marc Finley submitted a seven page letter to the KBI, the Attorney General, KS CPOST, and to the Board of County Commissioners of Thomas County, Kansas, reporting numerous misdeeds by Sheriff Rod Taylor, including drinking on the job, theft, sexual harassment, destruction of evidence, and abuse of power. A true and accurate copy of the letter is attached as Exhibit A.

10. Defendant Alexander knew about that letter because, among other things, he spoke with the Wichita Eagle about the letter.

11. On January 15, 2016, while off duty, Plaintiff observed a vehicle driven by Jim Cousins of Thomas County Sheriff's Department had driven erratically by crossing the center line on the road.

12. Plaintiff reported the erratic driving to dispatch, Defendant Alexander, and Thomas County Attorney Kevin Berens.

13. This was not the first time Plaintiff had addressed Jim Cousins' driving. In November 2015, Plaintiff had to pull over Jim Cousins for driving his truck on a public roadway in the following condition:



14. On that occasion, Defendant Alexander and Richard Barrett told Plaintiff he could not issue a ticket to Mr. Cousins because of politics.

15. Plaintiff worked on drug buys the night of February 16, 2016 and the early morning of February 17, 2016.

16. At approximately 7:00 AM on February 17, 2016, Defendant Alexander told Plaintiff he and others had reviewed dashcam footage from Mr. Cousins' sheriff vehicle and determined that Mr. Cousins did not cross the center line on January 15, 2016.

17. Defendant Alexander told Plaintiff he could be charged with filing a false police report and that he was going to be fired if he did not resign. Defendant Alexander explained to Plaintiff that the decision to terminate his employment was political.

18. Defendant Nickols did this because of Plaintiff's brother is Marc Finley, who a few months earlier had raised concerns about unethical and illegal practices by Thomas County Sheriff Rod Taylor, and because Plaintiff had reported Jim Cousins' driving to law enforcement.

19. Plaintiff, who had not slept the night before because he was out working on drug buys, responded that he would resign his employment.

20. After the meeting, following text exchange occurred between Plaintiff and Defendant Alexander:



21.     On February 18, 2016, Plaintiff met with Defendant Alexander and attempted to withdraw his resignation. Defendant Alexander responded that Plaintiff's employment was terminated no matter what Plaintiff decided.

22.     During this conversation, Defendant Alexander told Plaintiff he forced Plaintiff's termination to save Plaintiff from being charged criminally by Defendant Nickols. Defendant Alexander told Plaintiff to blame his separation on the "idiot Chief Ron Alexander" and politics.

23.     Ron Alexander gave a written statement to the Kansas Department of Labor that included the following sentence: "On 2/16/2016 Undersheriff Tom Nichols provided me a video from the Sheriffs department Blue Chevy Patrol vehicle formally [sic] used by Undersheriff Marc Finley who had since been terminated from employment."

24.     Defendant Alexander has since admitted he did not know whether Jim Cousins ever crossed the center line on January 15, 2016.

25.     Defendants Alexander and City of Colby terminated Plaintiff's employment because he made good faith reports about violations of the law, because of his familial relationship

4

with Marc Finley, and because Marc Finley exposed unethical and illegal conduct by Thomas County Sheriff Rod Taylor.

26. Defendants Alexander and City of Colby's conduct violates the First Amendment to the United States Constitution, Kansas public policy, and Kansas common law.

27. Defendant Nickols' conduct violates the First Amendment to the United States Constitution, Kansas public policy, and Kansas common law, including tortious interference.

28. Plaintiff has been damaged by Defendants' illegal conduct.

29. All administrative prerequisites and conditions precedent have been met for Plaintiff to file this action.

WHEREFORE, Plaintiff Lance Finley prays that judgment be entered in his favor, and against Defendants City of Colby, Kansas, Ron Alexander, and Tom Nickols, Jr., for damages in excess of $75,000.00, representing economic losses, noneconomic losses, compensatory damages, general damages, punitive damages, plus attorneys fees and costs, and all other relief that the Court deems just and equitable.

**Plaintiff Lance Finley demands trial by jury.**

**Plaintiff Lance Finley designates Wichita, Kansas, as the place of trial.**


Dated: January 31, 2018                        GRAYBILL & HAZLEWOOD, LLC

/s/ Sean McGivern
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932
218 N. Mosley St.
Wichita, KS 67202
Telephone: (316) 266-4058
Fax: (316) 462-5566
don@graybillhazlewood.com
sean@graybillhazlewood.com
*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2018, a copy of the above and foregoing was filed electronically with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allen G. Glendenning, #12187
Travis J. Ternes, #27203
Watkins Calcara, Chtd.
1321 Main - Suite 300
P.O. Drawer 1110
Great Bend, Kansas 67530
Phone (620) 792-8231
***Attorneys for Defendants Ron Alexander and City of Colby, KS***

Jared Hiatt
Clark, Mize, & Linville, Chtd.
129 S. 8th St.
PO Box 380
Salina, KS 67402
***Attorney for Defendant Tom Nickols Jr.***

/s/ Sean McGivern
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932