IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LANCE FINLEY,**

    **Plaintiff,**

    v.

**CITY OF COLBY, KANSAS, RON ALEXANDER,** and **TOM NICKOLS, JR.,**

    **Defendants.**

Case No. 17-CV-1215-EFM-GLR

### MEMORANDUM AND ORDER

Before the Court is the Defendants' Unopposed Motion to Stay Discovery.[1] All Defendants join in the motion, and Plaintiff does not oppose it. For good cause and the reasons set forth below, the Court grants the motion.

Plaintiff filed this action on August 22, 2017. All Defendants then filed Motions to Dismiss.[2] In response, Plaintiff filed an Amended Complaint.[3] As a result, the Court found the Motions to Dismiss as moot,[4] and the Defendants subsequently submitted answers to the Amended Complaint.[5] The Defendants also filed pending Motions for Judgment on the Pleadings.[6] In their motions, the Defendants assert they are entitled to qualified immunity. The Defendants now request that discovery be stayed until those motions are resolved.

"The general policy in this district is not to stay discovery even though dispositive motions are pending."[7] However, there are exceptions to this general policy, including "where

---

[1] ECF 37.
[2] ECF 11; ECF 14.
[3] ECF 20.
[4] ECF 27.
[5] ECF 29; ECF 30.
[6] ECF 31; ECF 32.
[7] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[8]

Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery.[9] The Supreme Court has also held that until the "threshold immunity question is resolved, discovery should not be allowed."[10] One reason for this is to allow courts to "weed out" lawsuits "without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits."[11]

In this case, the Court finds a stay of discovery is appropriate. The Defendants have raised issues as to qualified immunity in each of their pending Motions for Judgment on the Pleadings. Additionally, Plaintiff does not oppose the motion. Therefore, discovery will be stayed pending the Court's ruling on the Motions for Judgement on the Pleadings.

**IT IS THEREFORE ORDERED BY THE COURT** that the Defendants' Unopposed Motion to Stay Discovery (ECF 37) is granted.

**IT IS SO ORDERED.**

Dated February 15, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[8] *Id.*
[9] *See Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).
[10] *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).
[11] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).