IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LANCE FINLEY, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | Case 6:17-CV-01215-EFM-KGG |
| | ) | |
| CITY OF COLBY, KANSAS and | ) | |
| RON ALEXANDER, | ) | |
|     Defendants. | ) | |
| _____) | | |

**ORDER ON MOTION TO COMPEL**

Now before the Court is Plaintiff's Motion to Compel. (Doc. 114.) Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED**.

**BACKGROUND**

The present motion arises from Plaintiff's claims that Defendants violated the First Amendment of the United States Constitution, Kansas public policy, and Kansas common law. (Doc. 40, at 5, ¶ 26.) Plaintiff has filed this motion seeking an order to compel production of text messages from a 2015 investigation which "demonstrate illegal conduct by a City of Colby code enforcement officer." (Doc. 114, at 2.) Defendants object, arguing that Plaintiff's motion should be denied on

1

the basis that it "seeks information that is not relevant to any issue in this case" and "is not proportional to the needs of this case."[1] (Doc. 117, at 1.)

## ANALYSIS

**I. Standards for Discovery.**

Fed. R. Civ. P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

**II. Plaintiff's Motion to Compel.**

---

[1] Defendants also object that Request No. 50 is not "admissible or calculated to lead to the discovery of admissible evidence." (Doc. 117, at 1.) The Court notes that this is no longer the standard for discovery in federal courts. Rather, the standard was revised nearly four years ago pursuant to the December 1, 2015, amendments to Fed.R.Civ.P. 26.

Defendants argue that the information requested is not relevant because it "does not focus on the termination of employees, nor does it focus on any exercise of First Amendment rights." (Doc 117, at 1.) However, Plaintiff contends that the requested evidence is significant in determining whether Plaintiff was performing his job with diligence, as well as establishing elements of the *Garcetti Pickering* test, which is integral to its claim of First Amendment retaliation. (Doc. 114, at 4.)

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).

Plaintiff contends that the evidence requested is significant in distinguishing between "Defendant Alexander's response to two reports of government employee misconduct" and is therefore relevant in establishing the fifth prong of the *Garcetti Pickering* test. (Doc. 120, at 1-2.) This element of the *Garcetti Pickering* test asks "whether the defendant would have reached the same employment decision in the absence of the protected conduct." ***Dixon v. Kirkpatrick***, 553 F.3d 1294, 1302 (10th Cir. 2009) (citing ***Brammer-Hoelter v. Twin Peaks Charter Academy***, 492 F.3d 1192, 1203 (10th Cir. 2007)). Under this broad standard of relevance, the

Court finds that Plaintiff has met its burden of establishing that the requested information is relevant to its claim.

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

Plaintiff claims that this request will result in minimal burden to the Defendants. (Doc. 114, at 5.) Defendants have offered nothing to refute this claim, nor to support any claim that compliance with this request will cause them any disproportionate burden. The Court, therefore, finds no issue based on the proportionality of Plaintiff's request.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 114) is **GRANTED** as more fully set forth above.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2019, at Wichita, Kansas.

                        S/ Kenneth G. Gale
                        HON. KENNETH G. GALE
                        U.S. MAGISTRATE JUDGE